Jacob B. Lee
Nevada Bar No. 012428
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
JLee@strucklove.com

Gina G. Winspear
Nevada Bar No. 005552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Tel.: (702) 839-1100
Fax: (702) 839-1113
GWinspear@dennettwinspear.com

*Attorneys for Defendants Walker, Samburg, Narvaez, and Morgan*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GERARDO PEREZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JENNIFER NASH, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:21-cv-00075-RFB-MDC<br><br>**CORECIVIC DEFENDANTS'**<br>**MOTION TO STAY** |

To promote judicial economy and the interests of Rule 1 of the Federal Rules of Civil Procedure, Defendants Walker, Samburg, Narvaez and Morgan ("CoreCivic Defendants") request that the Court stay all case management deadlines set forth in the Joint Discovery Plan and Scheduling Order (Dkt. 156) pending resolution of Defendants' Motion to Dismiss (Dkt. 155).[1] A stay is warranted where: (1) CoreCivic Defendants' Motion is potentially dispositive of all claims against them; (2) discovery is unnecessary for the Court to rule on CoreCivic Defendants' Motion; (3) a "preliminary peek" reveals the likelihood that CoreCivic Defendants' Motion will be successful; and (4) a brief stay serves the interest of fairness by

---

[1] The Motion to Dismiss is fully briefed and pending a ruling by the Court.

preventing the CoreCivic Defendants, who have never been served process in this case and lack the requisite contacts with Nevada, from being haled into this Court and required to participate in potentially unnecessary discovery, preserving their resources as well as Plaintiff's and the Court's.

**I.     Introduction.**

This Court lacks personal jurisdiction over CoreCivic Defendants, and for that reason, they should not be subjected to discovery. Courts in this District have applied a presumption that a pending motion to dismiss for lack of personal jurisdiction warrants staying or restricting discovery. CoreCivic Defendants have never been properly served in this matter in either their individual or official capacities. Nor are they Nevada residents and, as explained more fully in Defendants' Motion to Dismiss (Dkt. 155) and Reply (Dkt. 159), they do not have sufficient contacts with the State of Nevada. Accordingly, CoreCivic Defendants should not be subject to the burdens of defending themselves and conducting discovery pending the Court's resolution of the Motion to Dismiss.

**II.    Legal Argument.**

The Court has broad discretion to control discovery to determine whether a stay is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Little v. City of Seattle*, 864 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). This power is axiomatic in Federal Rule of Civil Procedure 26(c)(1), which states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See Grammer v. Col. Hosp. Ass'n Shared Servs.*, Inc., 2015 WL 268780, *2 (D. Nev. Jan. 21, 2015) (Rule 26(c)(1) "includes the power to stay discovery").

In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a "just, speedy, and inexpensive determination of every action." *Tradebay,*

*LLC v. eBay, Inc.*, 278 F.R.D. 597, 602–603 (D. Nev. 2011). Courts in this District have formulated three considerations in determining whether to stay discovery pending resolution of a potentially dispositive motion: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *Id.*

Each of these considerations tips in CoreCivic Defendants' favor. As such, the Court should stay case management deadlines pending resolution of CoreCivic Defendants' Motion to Dismiss.

### A.  If Granted, CoreCivic Defendants' Motion Will Dispose of Plaintiff's Case.

CoreCivic Defendants' Motion to Dismiss, which was filed pursuant to Federal Rule of Civil Procedure 12(b)(2)–(3) and (5), is potentially dispositive of all claims against them. *See SmarterSwipe, Inc. v. Navarrete*, No. 224CV00299CDSMDC, 2024 WL 1344713, at *1 (D. Nev. Mar. 29, 2024) (12(b)(2) motion dispositive); *Gallo v. Crawford*, No. 2:03CV1548 RCJLRL, 2007 WL 773845, at *3 (D. Nev. Mar. 9, 2007) (12(b)(5) motion dispositive). As established in Defendants' Motion to Dismiss (Dkt. 155) and Reply (Dkt. 159), CoreCivic Defendants do not have sufficient contact with Nevada, and the conduct Plaintiff complains of occurred in Arizona, not Nevada. Accordingly, Nevada cannot exercise personal jurisdiction over these Defendants. Further, Plaintiff failed to serve them. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Either way, Plaintiff's claims against CoreCivic Defendants are subject to dismissal.

Because CoreCivic Defendants' Motion to Dismiss is potentially dispositive of all claims against them, a stay pending its resolution is warranted. *Tradebay*, 278 F.R.D. at 602–603.

3

### B. Additional Discovery is Not Needed.

In determining whether to order a stay, the Court will look to see whether a decision can be made on the pending dispositive motion without the need for additional discovery. *See Money v. Banner Health*, No. 3:11-cv-00800-LRH-WGC, 2012 WL 1190858, *12 (D. Nev. Apr. 9, 2012) (staying discovery where the court was equipped to decide a pending dispositive motion "without further discovery"). Additional discovery is not required to decide CoreCivic Defendants' Motion to Dismiss, and Plaintiff did not request additional time to conduct discovery either before responding to the Motion or before the Court rules on it.

Regarding service of process, Plaintiff bears the burden of establishing that service was proper. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."). Plaintiff did not need additional discovery to respond to CoreCivic Defendants' Motion to Dismiss. Rather, Plaintiff conceded in his response that service was not effectuated on CoreCivic Defendants by noting that service was only attempted via email and FedEx. (Dkt 157 at 10.) He failed to address CoreCivic Defendants' arguments that such service was improper under the applicable state and Federal Rules, and he fails to address the many cases and other legal authority cited in support of those arguments. Plaintiff failed to carry his burden to establish proper service on CoreCivic Defendants.

Plaintiff also did not seek additional discovery to respond to CoreCivic Defendants' Motion to Dismiss regarding lack of personal jurisdiction. Plaintiff rested on the Motion to Dismiss briefing, which is now closed, and the Court can render a decision without the need for additional discovery. As established in CoreCivic Defendants' Motion, they do not have sufficient contacts with Nevada to justify haling them into a Nevada court. "However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the 'minimal contacts' with that [s]tate that are a prerequisite to its exercise of power over him." *Talentscale, Inc. v. Aery Aviation, LLC*, No. 223CV00238CDSNJK, 2023 WL 4888435, at *5 (D. Nev. Aug. 1, 2023) (citing *Hanson v. Denckla*, 357 U.S. 235, 251 (1958)).

Because additional discovery is not needed to make a determination on the Motion to Dismiss, a stay is warranted pending its outcome.

### C. A "Preliminary Peek" Reveals that CoreCivic Defendants' Motion is Likely to be Granted.

Courts in Nevada often take a "preliminary peek at the merits of the potentially dispositive motion" to determine whether a stay on discovery is warranted. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *see Clark v. New Century Mortgage Co.*, 2017 WL 4453336, *2 (D. Nev. Oct. 4, 2017). In *SVI, Inc. v. Supreme Corp.*, No. 216CV01098JADNJK, 2017 WL 7725248, at *2 (D. Nev. Mar. 7, 2017), the court granted a motion to stay discovery where this preliminary peek divulged (1) that the pending motion to dismiss based on lack of personal jurisdiction, if granted, may resolve the primary issues raised in Plaintiff's complaint; (2) the motion to dismiss "can be decided without additional discovery"; and (3) "a stay of discovery is warranted based upon the merits of Defendant's motion to dismiss." *Id.* at *1; *see also Int'l Markets Live, Inc. v. Profit Connect*, 2019 WL 8161569, *1 (D. Nev. May 20, 2019) (applying second and third prongs of this test to grant motion to stay discovery).

Applying this test to the instant case, a preliminary peek at CoreCivic Defendants' Motion to Dismiss justifies staying discovery. As set forth above, all three of these factors are met here. First, if granted, the Motion to Dismiss would result in CoreCivic Defendants' dismissal. Second, resolution of the Motion to Dismiss does not require additional discovery. Rather, accepting as true the allegations in Plaintiff's Complaint, the Court will be able to determine the propriety of personal jurisdiction over CoreCivic Defendants. Finally, the merits of CoreCivic Defendants' personal jurisdiction challenge warrant a stay of discovery. The Complaint does not plead facts establishing either general or specific jurisdiction over Defendants in Nevada; rather, all of Plaintiff's allegations against CoreCivic Defendants arise out of his incarceration in CoreCivic's Saguaro Correctional Center ("SCC") in Arizona, and no CoreCivic Defendant expressly aimed any conduct at Nevada, let alone conduct sufficient to establish specific jurisdiction in Nevada.

Because a preliminary peek at the Motion to Dismiss reveals that this Court lacks personal jurisdiction over CoreCivic Defendants, the case should be stayed pending resolution of the Motion. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 1600768, *2 (D. Nev. Apr. 8, 2015) ("Because the Court is not convinced that the exercise of personal jurisdiction over Defendants will be found to be proper by the district judge, it is appropriate to stay discovery pending the resolution of the motion to dismiss.").

### D. A Motion Challenging Personal Jurisdiction Strongly Favors a Stay.

Where the underlying motion to dismiss is brought pursuant to Rule 12(b)(2) for lack of personal jurisdiction, a less rigorous standard is applied, as "courts are more inclined to stay discovery pending resolution of a motion to dismiss challenging personal jurisdiction because it presents a 'critical preliminary question.'" *See, e.g., Kabo Tool Co. v. Porauto Indus. Co.*, No. 2:12-cv-01859-LDG-NJK, 2013 WL 12321307, at *1 (D. Nev. Apr. 15, 2013) (quoting *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012)). Thus, "a pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved." *See AMC Fabrication, Inc.* 2012 WL 4846152, at *2. As this Court previously explained in analyzing a motion to stay pending resolution of a dispositive motion challenging jurisdiction:

> A defendant should not be required to participate in burdensome and costly discovery in a forum that has no jurisdiction over him or in a lawsuit brought in any forum when he is immune from suit as a matter of law. The purpose served by laws that grant immunity from suit, in particular, would be significantly undermined if the defendant was required to bear the burden and expense of litigation until he could obtain a court order establishing his immunity. The court also has an interest in not providing a forum and being required to supervise discovery in a dispute over which it lacks subject matter jurisdiction.

*Grand Canyon Skywalk Development, LLC v. Steele*, No. 2:13-cv-00596-JAD-GWF, 2014 WL 60216, at *4 (D. Nev. Jan. 7, 2014). For these reasons, ordering a stay in the matter pending the outcome of the Motion to Dismiss will serve the interests of fairness to CoreCivic

Defendants over which this Court does not have jurisdiction, and it will aid in accomplishing the inexpensive and speedy resolution of this case as to CoreCivic Defendants.

### III. Conclusion.

For the reasons set forth above, CoreCivic Defendants respectfully request that this Court grant the Motion to Stay and stay all discovery and scheduling deadlines pending resolution of the Motion to Dismiss.

RESPECTFULLY SUBMITTED this 25th day of April 2024.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC

By /s/ Jacob B. Lee
Jacob B. Lee
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
JLee@strucklove.com

Gina G. Winspear
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, NV 89129
GWinspear@dennettwinspear.com

*Attorneys for Defendants Walker, Samburg, Narvaez, and Morgan*

IT IS SO ORDERED.  The plaintiff filed a non-opposition. ECF No. 161.
Parties shall file an Amended Joint discovery plan and scheduling order within 21 days of the entry of order on defendants' motion to dismiss (ECF No. 155),
unless the order grants the motion in its entirety and disposes of the action.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 5/17/24

7