UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Gerardo Perez,

              Plaintiff(s),

vs.

Robert J. Meares, et al.,

              Defendant(s).

2:21-cv-00075-RFB-MDC

**ORDER**

This is a prisoner civil rights case with pro bono counsel now appearing. ECF No. 177. The Court has reviewed the parties' *Motions to Seal, Motions for an Extension of Time, Motion to Amend*. ECF Nos. 180, 207, 209, 210, 213, and 216. The Court **GRANTS** the *Motions to Seal* (**ECF Nos. 180 and 210**), the defendants' *Motion for an Extension of Time* (**ECF No. 209**), and the *Motion to Withdraw* (**ECF No. 216**). The Court **GRANTS IN PART** the plaintiff's *Motions for an Extension of Time* (**ECF Nos. 207 and 213**). The Court will allow plaintiff additional time to serve the defendants but denies the request to serve the defendants by publication without prejudice, with leave to refile in sixty days, since service by publication is a last resort. The Court also **ORDERS** the parties to file a new discovery plan and scheduling order pursuant to this Court's previous Order (ECF No. 182) within seven days.

**I.       Motions to Seal (ECF Nos. 180 and 210)**

Plaintiff argues in his Motion to Seal that the personal home and work address of current and former certain defendants be sealed. ECF No. 180. The plaintiff also moves to withdraw the summons for defendant Bryan because the Attorney General ("AG") now represents him. *Id.* The plaintiff also asks the Court to seal previously filed affidavits of service, affidavits of non-service and affidavits of

due diligence that contain defendants' personal addresses, granting leave to refile redacted documents that remove all sensitive address information.

The District of Nevada's Local Rules allow documents to be sealed upon filing a motion. LR IA 10-5(a) provides that, "papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal." The Ninth Circuit recognizes that courts may seal documents where disclosure would create a risk of harassment, threats, or other harm. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

Plaintiff seeks only to redact personal address information which the Court finds is a compelling reason to seal this limited information. The Court finds that allowing this information to remain accessible poses a direct risk of harassment or threats. Courts have recognized that redacting sensitive personal details, rather than sealing entire documents, strikes an appropriate balance between protecting privacy and maintaining transparency in judicial proceedings. *See Minshew v. Donley*, No. 2:10-CV-01593-PMP-PAL, 2013 WL 12410940 (D. Nev. Mar. 19, 2013) (allowing redaction of personal identification details, including addresses, while maintaining public access to relevant court filings). Sealing the summonses will not withhold any substantive information from public access. The Court orders the plaintiff to refile redacted versions, maintaining public access while preventing unnecessary exposure of personal information.

## II.    Defendants' Motion to Extend Time (ECF No. 209) and to Withdraw (ECF No. 216)

The defendants asked the Court for an additional two weeks to respond to the Amended Complaint. ECF No. 209. The plaintiff did not file an opposition to the request, and the defendants filed their motion to dismiss within the requested two weeks. Per Local Rule 7-2, the failure of an opposing party to file a response to most motions constitutes a consent to granting the motion. The Court thus grants the Motion to Extend Time nunc pro tunc. *ECF No. 209.* Counsel Jacob B. Lee also seeks to

withdraw as counsel for CoreCivic, which the Court grants because CoreCivic will continue to be represented by other attorneys. *ECF No. 216.*

**III.    Plaintiff's Motions to Extend Time (ECF Nos. 207 and 213)**

**A.  Legal Standard**

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.] Service by publication may only be ordered when the defendant cannot, after due diligence be found, seeks to avoid service by concealment or is an absent or unknown person in an action involving real or personal property. NRCP 4.4(c)(1)(A)-(C). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990).  Other courts have recognized that considering "due process concerns, service by publication must be allowed 'only as a last resort.'" *Hernandez v. Russell*, No. 320CV00114MMDCSD, 2022 WL 347552, at \*2 (D. Nev. Feb. 4, 2022), citing to *Price v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at \*1 (N.D. Cal. Nov. 29, 2021) (emphasis added; citation and quotation marks omitted). This is because "it is generally recognized that service by publication rarely results in actual notice." *Id*. (citation and quotation marks omitted).

District courts retain broad discretion to permit service-of-process extensions under Rule 4(m). See *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell*

*v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). "Nothing in Rule 4 obliges a defendant to execute a waiver of service." *Troxell*, 160 F.3d at 383. A defendant, "that wants to stand on formalities, for whatever reason, is entitled to do so, as long as it is willing to pay for the privilege." *Id*.

**B. Analysis**

The plaintiff argues that he has had difficulty serving many of the defendants. *ECF Nos. 207 and 213*. Plaintiff seeks both an extension of time and that he be allowed to serve the defendants by publication. *Id.* Plaintiff also attempted to obtain last known addresses for CoreCivic employees, including the named defendants. *Id.* Plaintiff states that counsel for CoreCivic declined to accept service on behalf of these individuals or to provide any information to assist plaintiff in effecting service. The appearing defendants object to allowing plaintiff to serve some of the defendants because they believe service is futile if the Court grants their motions to dismiss or strike. *ECF No. 219*. Since the appearing defendants' motions are still pending before the Court, their futility arguments would be better addressed by the district judge.  The Court reviews the service attempts of each of the remaining defendants:

**a.  Karen Perez aka K. Perez, RN and Erica Barajas aka Erica Nicolas Barajas, APRN**

Plaintiff argues that there are over two-hundred individuals with the name Karen Perez in Arizona, with insufficient information to narrow the search. As to defendant Barajas, plaintiff argues that he attempted service at the last known address, on April 21 and April 23, 2025. On the second attempt, the homeowner, David Barajas, stated that Erica Barajas is his ex and he does not know her current whereabouts. No vehicles were present, and no other information was obtained to allow further search. *See ECF No. 213*. The process server was unable to effect service or obtain additional contact information for Barajas. The Court notes that both defendants are licensed medical professionals which

may assist plaintiff in narrowing the search for these defendants. The Court orders counsel at the AG's office and CoreCivic to assist pro bono counsel in identifying the defendants, especially considering plaintiff's counsel is appearing pro bono. Since these defendants are former employees, plaintiff may also be able to take discovery from the appearing defendants to help identify these medical professionals.

### b. Malcolm and Samberg

Plaintiff attempted to serve a doctor believed to be defendant Malcolm at a Virginia address. The summons and complaint were accepted by Dr. Sharon Malcolm's husband. Dr. Sharon E. Malcolm subsequently contacted plaintiff's counsel and confirmed she has never worked in a correctional facility and does not know the plaintiff, indicating plaintiff's good faith effort and the confusion arising from limited identifying information for defendant Malcolm.

As to Samberg, plaintiff attempted service at the last known address for that defendant. The house had a sign outside that said, "SAMBERG RESIDENCE". The second attempt, kids could be heard and dogs barking, however, nobody came to the door. The third attempt came from an automated message saying, "we are not interested". The process server did however receive a call the following day from a resident in the home and is currently attempting to personally serve the documents. Plaintiff provides no further update.

The Court believes that there is so little information about these defendants, given that the plaintiff only has their last names, that service by publication would not be effective. The Court directs the parties to work together to try to identify these defendants, or otherwise for the plaintiff to take discovery to try to learn the identities of these defendants. Plaintiff is also requested to provide an update regarding attempted service on defendant Samberg.

//

#### c. Romeo S. Aranas and Carlos Narvaez

Plaintiff states that he made multiple unsuccessful attempts to serve Aranas at his last known address, that the phone numbers were out of service, that there was no response to postal inquiries, and no records were found to facilitate service. Regarding Narvaez, plaintiff attempted service at his last known address but found it vacant, received no response to a postal inquiry, that he is no longer employed at Saguaro Correctional Center, and his phone calls were unreturned. It appears that these defendants may be attempting to evade service, so the Court implores the plaintiff to make at least one more attempt before requesting service by publication. At a minimum, plaintiff is requested to identify potential geographic location for these defendants in a future motion to make showing that service by publication is reasonably likely to give notice.

**IT IS SO ORDERED:**

1. Plaintiff's *Motions to Seal* (ECF Nos. 180 and 210) is GRANTED. Plaintiff must file the redacted documents on the docket by **July 28, 2025.** The summons for defendant Bryan is WITHDRAWN.

2. Defendants' *Motion for an Extension of Time* (ECF No. 209) is GRANTED nunc pro tunc.

3. Plaintiff's *Motions for an Extension of Time* (ECF Nos. 207 and 213) is GRANTED IN PART. Plaintiff has until **September 30, 2025** to serve the remaining defendants or renew his request for service by publication. The plaintiff is also ORDERED to mail a copy of this Order to the known addresses of the remaining defendants and to file a notice on the docket indicating so.

4. The parties MUST file a discovery plan and scheduling Order by **August 11, 2025**.

5. Defendant's counsel's *Motion to Withdraw* (ECF No. 216) is GRANTED.

6. The Clerk of Court is directed to remove Jacob B. Lee from ECF noticing in this matter.

7. The Clerk of Court is kindly directed to SEAL the following documents:

a.  ECF No. 178-1 (Summons for Barajas)

b.  ECF No. 178-2 (Summons for Patty Smith)

c.  ECF No. 178-3 (Summons for Walker)

d.  ECF No. 178-4 (Summons for Neil)

e.  ECF No. 178-5 (Summons for Dr. Bryan)

f.  ECF No. 178-6 (Summons for Aranas)

g.  ECF No. 178-7 (Summons for Meares)

h.  ECF No. 191 Affidavit of Service for M. Hagerman and Neil

i.  ECF No. 192 Affidavit of Non-Service for Defendants E. Barajas and L. Morgan

j.  ECF No. 196 Affidavit of Non-Service for L. Morgan and Carlos Nervarez

k.  ECF No. 198 Affidavit of Service for Defendant L. Morgan

l.  ECF No. 205 Affidavit of Service for Defendant Malcom

m.  ECF No. 206 Affidavit of Due Diligence for Karen Perez; Carlos Naverez and Romeo Aranas

n.  ECF No. 207 Motion for Extension of Time to Serve Defendants (Exhibits)

IT IS SO ORDERED.

Date: July 22, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge