**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gerardo Perez,<br><br>                Plaintiff,<br><br>vs.<br><br>Robert J. Meares., et al.,<br><br>                Defendants. | Case No. 2:21-cv-00075-RFB-MDC<br><br>**ORDER GRANTING STIPULATION TO STAY DISCOVERY (ECF NO. 233) AND DENYING PLAINTIFF'S PROPOSED DISCOVERY PLAN (ECF NO. 234) AS MOOT** |

The Court has considered the defendants' *Stipulation to Stay Discovery* (ECF No. 233) ("Stipulation") and the plaintiff's proposed *Discovery Plan and Scheduling Order* (ECF No. 234)("Discovery Plan"). The Court **GRANTS** the Stipulation (ECF No. 233) and **DENIES** the discovery plan as moot (ECF No. 234).

The Court finds staying discovery is appropriate in this case. Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). The Court may consider staying discovery pursuant to its inherent powers and discretion, together

with the goals pronounced by Rule 1. The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

The parties agree that discovery is unnecessary for the Court to rule on either of the defendants' pending motions to strike and/or dismiss. *ECF No. 233 at 2, see also ECF Nos.* 181, 185, 188, 217, 220, and 223. The Court finds that the parties will not be prejudiced by a short stay of discovery, as the parties agree that no discovery is needed at this time. The Court finds that the dispositive motions can be decided without further discovery. The Court also finds good cause to stay discovery until the Court resolves the issues the defendants raise in their potentially dispositive motions. Since the Court grants the Stipulation, the Court denies the Discovery Plan as moot.

//
//
//
//
//
//
//
//
//
//
//

For the foregoing reasons,

**IT IS ORDERED** that:

1. Defendants' *Stipulation to Stay Discovery* (ECF No. 233) is **GRANTED.** Discovery in this matter shall be stayed pending resolution of defendants' motions to strike and dismiss (ECF Nos. 181, 185, 188, 217, 220, and 223).

2. Plaintiff's Proposed Discovery Plan and Scheduling Order (ECF No. 234) is **DENIED** as moot.

3. If the Court denies' the defendants' motion to dismiss (ECF No. 26), <u>within two weeks of the entry of the Court's order</u>, the parties shall meet and confer and file either (1) a stipulation to enter a scheduling order for inmates in compliance with Local Rule 16-1(b) or (2) a motion to enter a scheduling order that details the parties disagreements regarding why they could not file a stipulation.

Dated:  August 27, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**