Ashlee B. Hesman
Nevada Bar No. 012740
Jamie D. Guzman *(pro hac vice)*
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
ahesman@strucklove.com
jguzman@strucklove.com

James E. Harper
Nevada Bar No. 9822
HARPER WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
eservice@harperwixom.com

*Attorneys for Defendant CoreCivic, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GERARDO PEREZ,

Plaintiff,

v.

JENNIFER NASH, et al.,

Defendants.

Case No. 2:21-cv-00075-RFB-MDC

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

Defendant CoreCivic, Inc., ("CoreCivic") and Gregory Bryan and Jennifer Nash ("NDOC Defendants") and Plaintiff (collectively, the "Parties"), through their respective counsel, expect to produce documents and other items during the course of this litigation that may contain proprietary operational, financial, pricing, and contractual information; confidential and security-sensitive information regarding the security of a CoreCivic-operated facility; personal information relating to current or former CoreCivic employees; or medical, mental health, or institutional-related documents pertaining to Plaintiff and/or current or former inmates or detainees other than Plaintiff. The Parties contend that in the regular course of discovery, it may be necessary to disclose such information to the lawyers in this matter,

expert and other witnesses, and/or the Court. The Parties wish to ensure that this information remains confidential.

Accordingly, the Parties in this matter jointly request that the Court enter the following proposed PROTECTIVE AGREEMENT and ORDER.

1. For purposes of this Agreement, CONFIDENTIAL INFORMATION means any document or tangible thing, electronic recording or transcript of oral testimony, whether or not made under oath, and the content of such document, thing, recording, or transcript, designated by any party as confidential because it contains: (1) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in NRS 600.240 *et seq.* and NRS 600A. *et seq.*); (2) confidential personal information related to current or former employees of CoreCivic, Inc. ("CoreCivic"), the disclosure of which might invade those current or former employees' privacy (including personal information as defined in NRS 603A.040); (3) documents containing financial, pricing, or contractual information, unless they are already public records; (4) security-sensitive information related to the operation of any CoreCivic facility; and (5) confidential information relating to or identifying current or former non-party inmates or detainees (other than Plaintiff), the disclosure of which might invade those inmates' or detainees' privacy. CONFIDENTIAL INFORMATION may include, but is not limited to, unless they are already public record: (1) CoreCivic's policies and procedures; (2) Nevada Department of Corrections' ("NDOC") non-publicly available restricted policies and procedures, to the extent, if any, they apply to Plaintiff's claims; (3) CoreCivic's training materials, information, and documents, and NDOC's training documents; (4) Post Orders; (5) CoreCivic's investigative materials pertaining to incidents other than the subject incident, to the extent, if any, they apply to Plaintiffs' claims; (6) grievance logs; (7) facility diagrams, including diagrams related to placement of security cameras; (8) financial information; (9) any of CoreCivic's employee or independent contractor files; (10) security camera footage; and (11) any of CoreCivic's employees or independent contractor's first names

and/or identifying information. CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded tapes of any sort, transcripts, summaries, notes, abstracts, motions, drawings, and any instrument that comprises, embodies, or summarizes any matter that any party considers confidential. Nothing in this Order or the acceptance of documents under this Order waives any party's right to object to the classification of any information as confidential and to submit the issue to the Court for resolution. Nor does anything in this Order require a party to produce such confidential information.

2. The term "documents" includes but is not limited to correspondence, memoranda, or other printed matter, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into a reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, electronic files, electronic information, emails, and other writings.

3. It is contemplated that the parties may produce certain files and other information pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION. Only documents marked as "CONFIDENTIAL INFORMATION" will be subject to this Protective Agreement and the Court's Protective Order. CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Agreement.

4. Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

a. The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible.

b. The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

c. All portions of depositions or court proceeding transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified in Paragraphs 6 and 8.

d. Any party may designate any portion of a deposition, not previously designated as CONFIDENTIAL INFORMATION, within sixty (60) days of receipt of the transcript of said deposition, by the party, as confidential information, by advising all counsel of record of their designation of the specific portions of the deposition as confidential and shall be treated as if designated initially at the deposition, from that point forward.

5. All pleadings that contain CONFIDENTIAL INFORMATION shall be filed in the public record in redacted form, with as few redactions as possible. The party seeking to use the CONFIDENTIAL INFORMATION shall seek leave of the Court to file an unredacted version under seal with the clerk of the court.

6. Unless otherwise provided in this Order, see Paragraphs 7–8, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its officers, and the following counsel and experts: attorneys in this action, or testifying or consulting experts, where production is required by the Federal Rules of Civil Procedure or a court order. Any individual to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order.

7. CONFIDENTIAL INFORMATION containing address, identifying information, dependent information, or contact information concerning former or current CoreCivic employees/independent contractors will not be disclosed to any current or former inmate or detainee, their family members, or the public. Access will be restricted to the attorneys in this action and any consulting or testifying experts. Moreover, CONFIDENTIAL INFORMATION containing proprietary policies, protocols, practices, and directives relating to security procedures utilized by any CoreCivic employee, at any CoreCivic facility, or at any NDOC facility, will not be disclosed to any current or former inmate or detainee, or the public, unless they are already public record. Defendant will produce such information with the label: "CONFIDENTIAL/ATTORNEYS' EYES ONLY." Confidential information so labeled shall not be disclosed to the public or to any current or former inmate or detainee and will be handled accordingly at all times barring a written agreement by Defendant to modify or remove the designation or a court order. The terms of this Protective Order are not to be construed as an agreement by CoreCivic or NDOC, or their employees, to disclose security-sensitive information related to the operation of any CoreCivic or NDOC facility.

8. While this Protective Order intends to limit access to certain information as set forth in Paragraph 7, nothing in this Protective Order is intended to limit Plaintiff from viewing the Plaintiff's CONFIDENTIAL INFORMATION, which includes Plaintiff's non-publicly available medical and mental health records.

9. If Plaintiff's counsel or experts are required by law or court order to disclose CoreCivic's or NDOC's CONFIDENTIAL INFORMATION to any person or entity not identified in Paragraph 6, the name of that person or entity will be provided to CoreCivic as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that CoreCivic may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 6 who is then entitled to

receive CONFIDENTIAL INFORMATION must be furnished with a copy of the Protective Order and will be subject to the Order.

10. If Plaintiff's counsel desires to use the documents or CONFIDENTIAL INFORMATION produced pursuant to this Agreement for any purpose other than to prosecute Plaintiff's claims in this case, Plaintiff's counsel must first request permission in writing from the Office of the General Counsel of CoreCivic and/or Struck Love Acedo, PLC. The request must be made in sufficient time (ideally, not less than two weeks) for CoreCivic and/or Struck Love Acedo, PLC to adequately respond. If permission is given, all terms of this Agreement will apply to use of the CONFIDENTIAL INFORMATION in any other lawsuit. If permission is not given, Plaintiff's counsel agrees not to use the documents produced in this litigation in any other subsequent litigation absent a court order permitting use of such CONFIDENTIAL INFORMATION.

11. Counsel for the parties retains the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party.

12. The producing party does not waive its right to designate a document as containing CONFIDENTIAL INFORMATION by inadvertently disclosing it without the designation.

a. If a party receives a document or information that the party knows or has reason to believe may constitute CONFIDENTIAL INFORMATION, but which was not designated as such by the producing party, the receiving party shall promptly notify the producing party so that the parties and the producing party may meet and confer as to whether the document should have been designated as CONFIDENTIAL. The receiving party shall treat the document or information as if it had been designated as CONFIDENTIAL INFORMATION until the parties have met and conferred and the Producing Person has either designated the document or information as CONFIDENTIAL and produced a copy of the

document or information marked as "CONFIDENTIAL," at which point all other provisions of this Order will apply, including the Receiving Party's right to challenge the designation, or informed the Receiving Party that it will not do so.

b. If a producing party discovers that it has inadvertently produced CONFIDENTIAL INFORMATION without designating it as such, it shall promptly inform the receiving party that the document or information is CONFIDENTIAL and produce a copy of the document or information marked as "CONFIDENTIAL." Upon receiving such notice, the receiving party shall treat the document as if it had been originally designated as CONFIDENTIAL INFORMATION.

c. At any time a party is notified that a document or information was inadvertently produced without being marked as "CONFIDENTIAL," and the document or information is already part of a filing with the Court, the filing party shall either withdraw the document or information or the parties shall agree to brief the issue for the Court pursuant to applicable law with respect to filing documents under seal.

13. Upon completion of this litigation, counsel and their experts shall return, or by agreement of the parties may provide a Certificate of Destruction, to the producing party any CONFIDENTIAL INFORMATION produced in this action. One file copy of all material may be retained by counsel for each party for malpractice purposes. Legal memoranda and briefs containing protected information, and any work product materials containing protected information may be retained if such documents are kept in the possession of a private litigant's counsel, and shall not be disclosed contrary to the provisions of this Agreement. Nothing herein shall restrict CoreCivic's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

14. Nothing in this Protective Agreement precludes Plaintiff or CoreCivic from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from the Protective Order. Moreover, by agreeing generally in this Protective Order that certain categories of documents

and information will be covered as confidential, the parties do not waive the right to challenge the discoverability of documents that fall within those categories.

15. Documents disclosed pursuant to this Protective Order may only be used in this litigation and shall not be provided to individuals other than those outlined in Paragraph 6 (including the media) or used to support or bring other claims or lawsuits (including at depositions), absent a court order permitting same.

16. Each person designated in Paragraph 6, by receiving and reading a copy of the Protective Order entered by the Court as part of this Agreement, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order or Agreement is breached.

RESPECTFULLY SUBMITTED this 11th day of August, 2026.

LJU LAW FIRM

By /s/ James D. Urrutia (*with permission*)
James D. Urrutia
Alyssa N. Piraino
7575 Vegas Drive, Ste. 100
Las Vegas, NV 89128
James@TheLJU.com
Alyssa@TheLJU.com
*Attorneys for Plaintiff*

By /s/ Victoria C. Corey (*with permission*)
VICTORIA C. COREY
Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way
Suite 100
Las Vegas, NV 89119
vcorey@ag.nv.gov
*Attorneys for Defendants Gregory Bryan and Jennifer Nash*

STRUCK LOVE ACEDO, PLC

By /s/ Jamie D. Guzman
Ashlee B. Hesman
Jamie D. Guzman *(pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
ahesman@strucklove.com
jguzman@strucklove.com

James E. Harper
HARPER WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
eservice@harperwixom.com
*Attorneys for Defendant CoreCivic, Inc.*

**ORDER**
**IT IS SO ORDERED:**

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

DATED: August 12, 2026