Ashlee B. Hesman
Nevada Bar No. 012740
Jamie D. Guzman *(pro hac vice)*
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
ahesman@strucklove.com
jguzman@strucklove.com

James E. Harper
Nevada Bar No. 9822
HARPER WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel: (702) 252-5002
Fax: (702) 252-5006
eservice@harperwixom.com

*Attorneys for Defendant CoreCivic, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GERARDO PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER NASH, et al.,<br><br>Defendants. | Case No. 2:21-cv-00075-RFB-MDC |

**AMENDED JOINT DISCOVERY PLAN AND SCHEDULING ORDER IN COMPLIANCE WITH COURT'S ORDER (DKT. 271)**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's September 30, 2026 Order (Dkt. 271), Plaintiff, Defendants Bryan ("Bryan") and Nash ("Nash") (collectively, "Nevada Defendants"), and Defendant CoreCivic, Inc. ("CoreCivic"), submit the following Amended Joint Discovery Plan and Scheduling Order.

**I. Relevant Procedural Background.**

Plaintiff filed his Amended Complaint on March 7, 2025. (Dkt. 177.) On June 12, 2025, CoreCivic Defendants[1] filed a Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 217). On March 21, 2025, Nevada Defendants moved to strike Plaintiff's Amended Complaint (Dkt. 181). On April 1, 2025, Nevada Defendants filed a Motion for Reconsideration of the Court's Order denying their Motion for Summary Judgment Regarding Exhaustion (Dkt. 184). On February 23, 2026, the Court ruled on the above motions and ordered that: (1) the claims against the Nevada Defendants shall proceed and (2) Plaintiff's Eighth Amendment claim shall proceed against CoreCivic only. (Dkt. 241) All other claims and Defendants were dismissed. (*Id.*) The Court further instructed the parties to file a Discovery Plan and Scheduling Order within 21 days (3/16/26).[2] (*Id.*).

On March 16, 2026, CoreCivic filed its Answer to Plaintiff's Amended Complaint (Dkt. 246), and the parties submitted a Joint Discovery Plan and Scheduling Order pursuant to the Court's Order (Dkt. 241). On March 17, 2026, the Court granted the Joint Discovery Plan and Scheduling Order (Dkt. 248).

Due to a discovery dispute regarding Plaintiff's Rule 30(b)(6) Deposition Notice to CoreCivic, CoreCivic filed a Statement on July 16, 2026, Supplemental Statement on July 21, 2026, and Second Supplemental Statement Regarding Discovery Dispute on August 5, 2026 (Dkts. 252, 253, 255) which Plaintiff responded to (Dkt. 254). The Court subsequently set an in-person hearing for August 19, 2026 (Dkt. 256). A Stipulation for Entry of Protective Order

---

[1] All individual CoreCivic Defendants have been dismissed. (Dkt. 244.) Thus, the only remaining CoreCivic Defendant is CoreCivic. (*Id.*)

[2] The parties Amended Joint Discovery Plan and Scheduling Order filed on August 22, 2025 (Dkt. 234) was denied as moot (Dkt. 235) as the Court granted CoreCivic Defendants' Unopposed Motion to Stay Discovery (Dkt. 233).

was filed on August 11, 2026 (Dkt. 257) and granted on August 12, 2026 (Dkt. 259). On August 17, 2026, the parties reached an agreement regarding the Rule 30(b)(6) discovery dispute and filed a Stipulation regarding the resolution. The Court then vacated the August 19, 2026 hearing (Dkt. 261).

On August 20, 2026, Plaintiff's counsel, James D. Urrutia, filed a Motion to Withdraw as Counsel of Record (Dkt. 262). CoreCivic, Nevada Defendants, and Plaintiff Gerardo Perez filed responses (Dkts. 263, 264, 265). On September 10, 2026, CoreCivic filed a Motion for a Brief Stay in the Remaining Case Management Deadlines (Dkt. 266). On September 11, 2026, the Court issued an Order Setting Hearing on Plaintiff's counsel's Motion to Withdraw as Counsel (Dkt. 267) for September 22, 2026. On September 22, 2026, following the hearing, the Court issued a tentative ruling instructing Mr. Urrutia to temporarily remain as counsel of record for Plaintiff and for the parties to file a Stipulation Regarding Status by October 23, 2026 (Dkt. 270). On September 30, 2026, the Court grated CoreCivic's Motion for a Brief Stay in the Remaining Case Management Deadlines (Dkt. 271) and instructed the parties to file an amended discovery plan and scheduling order by November 6, 2026. On October 23, 2026, the parties filed a Stipulation Regarding Status (Dkt. 272). The parties now submit this Amended Joint Discovery Plan and Scheduling Order pursuant to the Court's Order (Dkt. 272).

## II. Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)(3).

### A. What Changes Should be Made in the Timing, Form, or Requirement for Disclosures Under Rule 26(a), Including a Statement of When Initial Disclosures Were Made or Will be Made.

None.

**B. The Subjects on Which Discovery may be Needed, When Discovery Should be Completed, and Whether Discovery Should be Conducted in Phases or be Limited to or Focused on Particular Issues.**

The Plaintiff plans to, in part, seek discovery related to the medical standards of care and all records concerning his medical treatment while in custody, including, but not limited to, while he was housed out of state, including provider notes, medication records, and lab results, as well as policies, procedures, and training materials governing offender medical care. Plaintiff also intends to pursue internal reports, grievances, complaints, disciplinary or personnel files, communications among staff regarding the Plaintiff's medical needs, and records of similar incidents or complaints, along with aggregate data on medical care practices, audits, inspections, and witness statements.

CoreCivic anticipates conducting discovery regarding Plaintiff's medical, criminal, and institutional background, including serving several subpoenas to past medical providers of Plaintiff in the community, as well as to past correctional, detention, and jail institutions for medical and institutional records. CoreCivic will also seek supplemental medical records from medical providers currently treating Plaintiff in the community. CoreCivic also anticipates conducting discovery regarding any claim against it alleged in the Amended Complaint, as well as Plaintiff's alleged damages. Beyond the limitations outlined below, CoreCivic does not anticipate requesting that discovery be conducted in phases unless it files an early motion for summary judgment on exhaustion.

Nevada Defendants anticipate conducting discovery regarding any claim against Nevada Defendants that may survive pending motions.

**C. Any Issues about Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in Which it Should be Produced.**

None other than the additional time needed to complete discovery as discussed in Section III(b)(1) below.

**D. Any Issues about Claims of Privilege or of Protection as Trial Preparation Materials, Including – if the Parties Agree on a Procedure to Assert these Claims after Production – Whether to Ask the Court to Include their Agreement in an Order under Federal Rule of Evidence 502.**

None identified at this time.

**E. What Changes Should be made in the Limitations on Discovery Imposed Under these Rules or by Local Rule, and What Other Limitations Should be Imposed.**

None other than those contained in the previous Discovery Plan and Scheduling Order (Dkt. 248).

**F. Any other Orders that the Court Should Issue Under Rule 26(c) or Under Rule 16(b) and (c).**

If Plaintiff intends to conduct CoreCivic's Rule 30(b)(6) deposition pro se, CoreCivic requests that the Court establish a procedure for the parties to raise discovery disputes with the Court as they arise during the deposition, so that the deposition proceeds efficiently. CoreCivic additionally requests that such deposition be limited to four hours.

**III. Discovery Plan Pursuant to LR 26-1.**

**A. Discovery Cut-Off Date.**

**March 19, 2027.** The parties request a discovery period longer than the standard 180-day period given the withdrawal of Plaintiff's counsel and delay in CoreCivic's receipt of releases needed to gather Plaintiff's past medical and institutional records. Considering these circumstances together, the parties anticipate needing additional time to conduct discovery.

**B. Amending the Pleadings and Adding Parties.**

This deadline has expired.

**C. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).**

**CoreCivic** and Nevada Defendants propose: The deadline for Plaintiff to disclose expert and reports is **expired**. The deadline for Defendants to disclose experts and reports is **January 20, 2027**. The deadline for Plaintiff to disclose rebuttal reports is **February 19, 2027**.

**D. Dispositive Motions.**

The deadline to file dispositive motions is **April 23, 2027.**

**E. Pretrial Order.**

**Friday, May 21, 2027,** or 30 days after the Court rules on any dispositive motions, whichever is later.

**F. Fed. R. Civ. P. 26(a)(3) Disclosures.**

Pretrial disclosures are due 30 days prior to trial. Objections are due within 14 days after service of pretrial disclosures.

**G. Alternative Dispute Resolution.**

The parties certify that they met and conferred regarding the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation and will request Court assistance (if necessary) if they believe a formal resolution process would be helpful.

**H. Alternative Forms of Case Disposition.**

The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01), the parties are not in agreement and do not consent to either.

**I. Electronic Evidence.**

The parties certify that they discussed whether to present evidence in electronic format to jurors for the purpose of jury deliberations. The parties agree that it is premature at this time to determine whether such presentation to jurors is appropriate.

**J. Discovery Disputes.**

The parties agree that before moving for an order relating to discovery, the movant must meet and confer with the party opposing discovery.

Dated this 6th day of November, 2026.

**LJU LAW FIRM**

/s/ James D. Urrutia (*with permission*)
JAMES D. URRUTIA, ESQ.
Nevada Bar No. 12885
7575 Vegas Drive, Suite 100
Las Vegas, Nevada 89128
*Counsel for Plaintiff*

Dated this 6th day of November, 2026.

**OFFICE OF THE NEVADA ATTORNEY GENERAL**

/s/ Victoria C. Corey (*with permission)*
VICTORIA C. COREY (Bar No. 16364)
1 State of Nevada Way,
Suite 100
Las Vegas, Nevada 89119
*Counsel for Jennifer Nash and Gregory Bryan*

Dated this 6th day of November, 2026.

**STRUCK LOVE ACEDO, PLC**

/s/ Jamie D. Guzman
JAMIE D. GUZMAN, ESQ. (*pro hac vice)*
3100 W. Ray Road, Ste. 300
Chandler, AZ 85226
*Counsel for Defendant CoreCivic*

At this time, the Court grants the unopposed request to limit plaintiff's Rule 30(b)(6) deposition of CoreCivic to four (4) hours. Any discovery disputes, including disputes regarding or during Rule 30(b)(6) depositions must be resolved in accordance with the Court's 08/12/2026 Standing Order (ECF No. 258).

**IT IS SO ORDERED.**

Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATE: November 6, 2026